IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENNIE E. BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 05-112 ERIE |
| ) | |
| STATE OF PENNSYLVANIA, ) | |
| and COURT OF COMMON ) | |
| PLEAS OF ERIE COUNTY, ) | |
| Defendants. ) | |

## MOTION TO DISMISS

Defendant State of Pennsylvania, by its attorneys, Thomas W. Corbett Jr., Attorney General, Mary Lynch Friedline, Senior Deputy Attorney General, Susan J. Forney, Chief Deputy Attorney General, Chief, Litigation Section, submits this Motion to Dismiss under Fed. Rule of Civ. Proc. 12 (b) (6) based on the following:

1.      Plaintiff Bennie E. Barnes filed this civil rights complaint naming the "State of Pennsylvania" and the Erie County Court of Common Pleas as defendants. Barnes is currently incarcerated at SCI – Albion, serving a sentence of 8 to 20 years. (Complaint, p. 1.)

2.      Barnes is challenging his 1999 conviction for rape and aggravated indecent assault, claiming that he was subjected to various civil rights violations during trial in the Erie County Court of Common Pleas.  He previously filed similar complaints in the Erie County Court of Common Pleas and in this Court at No. 03-363E, as well as a petition for writ of habeas corpus at No-05-100E which raises identical claims.  The complaints have been dismissed (see Exhibit A to defendant State of Pennsylvania's Brief in Support of this Motion), and the habeas petition is pending before this Court.

3. Plaintiff's instant § 1983 complaint against the State of Pennsylvania is absolutely barred by virtue of the Eleventh Amendment and because the state is not a "person" under § 1983.

4. In the alternative, as the complaint attacks the lawfulness of plaintiff's conviction (which has not been overturned), there is no cognizable § 1983 claim under <u>Heck v. Humphrey,</u> 512 U.S. 477 (1994).

5. Further, plaintiff's claims are barred by the doctrine of collateral estoppel.

6. Also, to the extent the complaint could be construed as seeking habeas corpus relief, dismissal would still be warranted because plaintiff failed to exhaust his state court remedies, the habeas claims are barred by the one-year statute of limitations in § 2244(a) and this complaint/petition would be an improper successive habeas petition raising previously presented issues.

WHEREFORE, plaintiff's complaint should be dismissed with prejudice.

Respectfully submitted:

Thomas W. Corbett, Jr.
Attorney General

By: <u>/s/ Mary Lynch Friedline</u>
Mary Lynch Friedline
Senior Deputy Attorney General
Attorney I.D. No. 47046

Susan J. Forney
Chief Deputy Attorney General
Litigation Section

Office of Attorney General
6th Fl., Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219
Date: September 15, 2005