IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENNIE E. BARNES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STATE OF PENNSYLVANIA, )<br>and COURT OF COMMON )<br>PLEAS OF ERIE COUNTY, )<br>Defendants. ) | CIVIL ACTION NO. 05-112 ERIE |

**BRIEF IN SUPPORT OF**
**MOTION TO DISMISS**

### I.   STATEMENT OF THE CASE

Plaintiff Bennie E. Barnes filed this civil rights complaint on April 29, 2005 naming the "State of Pennsylvania" and the Erie County Court of Common Pleas as defendants.  Barnes is currently incarcerated at SCI – Albion, serving a sentence of 8 to 20 years.  (Complaint, p. 1.)

Plaintiff Barnes is challenging his 1999 conviction for rape and aggravated indecent assault, claiming that he was subjected to various civil rights violations during trial in the Erie County Court of Common Pleas.   Barnes seeks compensatory and punitive damages, unspecified declaratory relief, and requests that each defendant be charged and punished.

At page 3 of the Complaint, Barnes states that in his first trial, he was "acquitted of all charges" and that the trial ended with a hung jury on counts 1 and 2.   Barnes then alleges that at the second trial "there was a fraudulent tampering and changing in the Counts within the Record," resulting in a double jeopardy violation.  *Id.*   According to

the Complaint, the charges Barnes was convicted of in his second trial (Count 6 – Rape, and Count 8 – Aggravated Indecent Assault) were identical to other counts under which he was acquitted in the first trial. *Id*.

Plaintiff has attached a copy of his Erie County Clerk of Court criminal docket to the complaint. The docket reflects that Barnes was tried in July 1997 on nine counts, resulting in a hung jury on Counts 1, 2, 4, 5, 6, 8 and 9 and Not Guilty verdicts for Counts 3 and 7 (false imprisonment and IDSI forcible compulsion). The docket sheet also indicates that he had a new trial in September 1999 and was found guilty on Counts 6 and 8 (rape by forcible compulsion and aggravated indecent assault). He was sentenced on those convictions in November 1999 to 8 to 20 years.

In addition to his double jeopardy claims, Barns also alleges that the district attorney read untrue statements about his charges to the jury, that charges were improperly "talked about off-the-record" and that there were "unofficial court stipulations" which illustrate the "prosecutorial misconduct, and Attorney Client conflicting protection [*sic*] . . . NO ADVERSARIAL TESTING." (Complaint, p. 3.)

This is not the first time that Mr. Barnes has asked this Court to rule on these claims. In November 2003, he filed a civil rights suit against the trial judge, the district attorney and his own counsel at Docket No. 03-363 ERIE, in which he alleged, as he does here, tampering with the Information and charges leading to a double jeopardy violation, prosecutorial misconduct, ineffective assistance of counsel and attorney-client conflict. This Court issued a Report and Recommendation on January 24, 2005 (Exhibit A hereto), recommending that defendants' motions to dismiss be granted and the complaint dismissed. Judge McLaughlin issued an Order on February 12, 2005 adopting

the R & R and dismissing the complaint.  Then, on April 1, 2005, at about the same time that Barnes was filing the instant complaint, he also filed a Petition for Writ of Habeas Corpus at C.A. No. 05-100 ERIE, raising issues that are virtually identical to those in the current complaint.  The Erie County District Attorney filed an Answer to the Habeas Petition on July 29, 2005, which is attached hereto as Exhibit B and incorporated herein by reference.

For the reasons stated herein, plaintiff's complaint should be dismissed.

## II. ARGUMENT

### A. Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment to the United States Constitution precludes all suits against the state in federal court, whether brought by citizens of the state or by citizens of other states.  Atascadero State Hospital v. Scanlon, 473 U.S. 234 (1985); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98 (1984); Edelman v. Jordan, 415 U.S. 651, 622-663 (1974); see also Alabama v. Garrett, 531 U.S. 356, 363 (2001); Kimel v. Florida Bd. of Regents, 528 U.S. 62, 72-73 (2000); College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 44, 54 (1996).  This immunity is far-reaching.  The Eleventh Amendment is applicable to suits seeking money damages, Edelman v. Jordan, supra, as well as to suits seeking equitable relief, Alabama v. Pugh, 438 U.S. 781 (1978).  This preclusion also applies to cases where purported violations of state law are challenged in federal court.   See Pennhurst State School & Hospital, supra.

Eleventh Amendment immunity can be lost in only two ways - by Congressional abrogation, or by waiver and consent.  Pennhurst, infra, 465 U.S. at 99.  Neither is applicable here.  Congress did not abrogate the states' Eleventh Amendment sovereign immunity for suits in federal court when it enacted §1983.  Quern v. Jordan, 440 U.S. 342, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).  Furthermore, the Commonwealth of Pennsylvania has preserved its Eleventh Amendment immunity, and has not consented to suit in federal court.  See Pa.Const.Art. I, §11; 1 Pa.Const.Stat.Ann. §2310; 42 Pa.Const.Stat.Ann. §8521(b); Laskaris v. Thornburg, 661 F.2d 23, 25 (3d Cir. 1981).

Since plaintiff's claims against the Commonwealth of Pennsylvania do not fall within any recognized exception to Eleventh Amendment immunity, they are absolutely barred.

**B.    Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted Because the State is not a "Person" Under 42 U.S.C. § 1983**

Plaintiff's claims against the Commonwealth of Pennsylvania also fail as a matter of law because the Commonwealth is not a "person" within the meaning of §1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S. Ct. 2304, 105 L.Ed 2d 45 (1989).

**C.    Plaintiff Fails to State a Claim under § 1983 in Light of Heck**

Alternatively, Barnes' § 1983 claims are fatally flawed because his complaint for damages directly attacks the lawfulness of his conviction and the fact of his confinement.  In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court held that there is no cognizable § 1983 claim for damages arising from an unconstitutional conviction, unless the conviction has been invalidated.  According to the Supreme Court

4

in *Heck*, in order to recover damages for an unconstitutional conviction or for harm "caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff asserting a § 1983 claim must prove that his conviction was reversed or otherwise invalidated. Heck, 512 U.S. at 486-87.[1]

Plaintiff Barnes is clearly attacking the lawfulness of his conviction but fails to allege that his conviction has been overturned. Indeed, he cannot, because his various appeals in that regard and his PCRA petitions have all been denied. (see Exh. B - Habeas Answer, and Section D, below.)

**D.     Plaintiff's Claims Constitute an Improper, Successive Habeas Petition**

Plaintiff's complaint is more in the nature of a habeas petition, challenging the fact and/or duration of his confinement. However, he has already filed a Petition for Writ of Habeas Corpus raising identical issues. See C.A. No. 05-100 Erie, and Respondent Commonwealth's Answer, filed 7/29/05 (Exh. B.) Pursuant to 28 U.S.C.A. § 2244(b), successive habeas applications under § 2254 raising previously presented issues shall be dismissed. Barnes has not raised any new rule of constitutional law or subsequently discovered facts to justify a second petition. In any event, he has not filed a motion with the Third Circuit seeking leave to file a second petition. 28 U.S.C.A. § 2244(b).

Further, to the extent that Barnes' complaint is treated as a habeas petition, his claims would fail for numerous other reasons: (1) they are clearly barred by the one

---

[1] In *Heck*, the plaintiffs alleged that the county prosecutors had taken illegal action to secure the convictions (e.g., by destroying exculpatory evidence and using an illegal identification procedure at trial). Here, plaintiff makes similar charges, claiming that the district attorney made false statements to the jury, and that the Court, district attorney and public defender conspired to change the Information and offer improper stipulations.

5

year statute of limitations in § 2244(d); and (2) he has failed to exhaust state court remedies.

As reflected in this Court's Report and Recommendation at No. 03-363 (Exh. A) and in the Habeas Petition Answer at No. 05-100 (Exh. B), Barnes appealed his conviction to the Superior Court (No. 1925 WDA 1999), and the only issue raised pertained to a motion in limine granted by the trial court. (Exh. B - Habeas Answer, p. 2.) The Superior Court affirmed the trial court's judgment of sentence on August 1, 2000 and Barnes did not file a petition for allowance with the Pennsylvania Supreme Court. Thereafter, on March 15, 2001, Barnes filed a PCRA petition claiming, *inter alia*, excessive sentence, ineffective counsel, **double jeopardy**, and prosecutorial misconduct. Id. That petition was denied on September 17, 2001. (Habeas Answer, p. 3.) Barnes appealed and the Superior Court affirmed the PCRA Court's ruling on June 26, 2002. He did not file a petition for allowance with the Supreme Court. Plaintiff filed a second PCRA petition on August 12, 2002, again arguing prosecutorial misconduct and ineffectiveness of counsel. The petition was denied and he appealed to the Superior Court, which affirmed the PCRA Court's denial on August 21, 2003. Barnes did not attempt to appeal to the Pennsylvania Supreme Court. Id.

Pursuant to 28 U.S.C. §2254, a petitioner must exhaust all available state court remedies before filing a petition in federal court. See Piccard v. Conner, 404 U.S. 270 (1971); Toulson v. Beyer, 897 F.2d 984, 987 (3d Cir. 1993). Here, the Pennsylvania Supreme Court did not have the opportunity to address the merits of Barnes' claims because he did not take an appeal to the Supreme Court from his conviction or from his multiple PCRA petition denials. Therefore, to the extent this complaint is construed as

a Petition for Writ of Habeas Corpus, it should be dismissed as failing to comport with the Section 2254 exhaustion requirements.

**E.     Plaintiff's Claims are Barred by the Doctrine of Collateral Estoppel**

The doctrine of collateral estoppel or issue preclusion "precludes a party from relitigating in subsequent suits issues that have been fully and fairly litigated in an earlier case." *Leventry v. Price*, 319 F.Supp.2d 562, 565-66 (W.D. PA. 2004). Collateral estoppel applies where 1) the issues are identical; 2) the issues were actually litigated; 3) there was a final judgment; and 4) the determination on the issue was essential to the judgment. *Id*.

In its January 24, 2005 R & R (Exh. A), this Court found that the claims presented by Barnes in the civil rights suit he filed at No. 03-363 were identical to the claims he had raised in a previously-filed state court action. The Court of Common Pleas of Erie County issued an order on September 21, 2004 sustaining defendants' preliminary objections and dismissing Barnes' complaint with prejudice. While the instant complaint is not an exact duplicate of the lengthy complaint at No. 03-363 and while it adds the Commonwealth of Pennsylvania as a defendant, the issues here are nonetheless identical to the issues raised at No. 03-363 and litigated in the state court action. Therefore, in addition to the other grounds for dismissal discussed herein, this case should be dismissed on grounds of issue preclusion.

## III.  Conclusion

For all the reasons stated herein, plaintiff's complaint should be dismissed with prejudice.

Respectfully submitted:

Thomas W. Corbett, Jr.
Attorney General

By:  /s/ Mary Lynch Friedline
Mary Lynch Friedline
Senior Deputy Attorney General
Attorney I.D. No. 47046

Susan J. Forney
Chief Deputy Attorney General
Litigation Section

Office of Attorney General
6th Fl., Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219
Date: September 15, 2005