# EXHIBIT A

Case 1:05-cv-00112-SJM-SPB   Document 11-2   Filed 09/15/2005   Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENNIE F. BARNES<br>　　Plaintiff | )<br>)<br>) |
| vs. | )　C.A.No. 03-363 Erie |
| | )　District Judge McLaughlin |
| JUDGE STEPHANIE DOMITROVICH, et al.<br>　　Defendants. | )　Magistrate Judge Baxter<br>) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the motion to dismiss filed by Defendant Judge Stephanie Domitrovich [Document # 19] be granted and that the motion to dismiss filed by Defendants Burt, Konzel, Pfadt, Foulk and Taylor [Document # 27] be granted.

It is further recommended that Plaintiff's motion to amend [Document # 22] be denied as futile.

### II.  REPORT

Plaintiff, an inmate presently incarcerated at the State Correctional Institution at Albion, Pennsylvania, brings this *pro se* action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that Defendants Stephanie Domitrovich, a judge of the Erie County Court of Common Pleas, Assistant Public Defender Joseph Burt, Public Defender Christine Konzel, Attorney Sue Pfadt, District Attorney Brad Foulk and Assistant District Attorney Garrett Taylor violated his civil rights during his criminal trial and subsequent appeal.

1

### A. **Standards of Review**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's

2

unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### B.  Relevant History

In October of 1997, Plaintiff was tried in criminal court in the Court of Common Pleas of Erie County, Pennsylvania. The trial resulted in a hung jury on seven charges and a not guilty verdict on two charges (false imprisonment and involuntary deviate sexual intercourse). After a retrial, in September of 1999, Plaintiff was found guilty of rape by forcible compulsion and aggravated indecent assault. Plaintiff, through trial counsel, Defendants Konzel and Burt, appealed the conviction to the Pennsylvania Superior Court on December 13, 1999. The Superior Court affirmed the conviction on August 1, 2000. No appeal was taken to the Pennsylvania Supreme Court.

Thereafter, Plaintiff filed a PCRA petition and counsel (Defendant Sue Pfadt) was appointed. Defendant Pfadt later withdrew as counsel based upon the absence of any merit and

3

the petition was dismissed. Plaintiff appealed the dismissal to the Pennsylvania Superior Court, which affirmed the dismissal. No appeal was taken to the Pennsylvania Supreme Court. Plaintiff filed a second PCRA petition, which was dismissed by the trial court as untimely. Plaintiff appealed to the Superior Court, which affirmed the dismissal.

In the present action, Plaintiff complains that all Defendants conspired together to deprive him of his constitutional rights.

### B. Defendant Domitrovich

Defendant Domitrovich asserts, among other things, that she is immune from Plaintiff's lawsuit under the doctrine of judicial immunity.

Judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356.

Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. In this case, all of the challenged actions of Defendant Domitrovich were taken in her judicial capacities and were within her respective jurisdiction. Thus, as to Plaintiff's claims against her, Defendant Domitrovich is absolutely immune.

Therefore, Defendant Domitrovich's motion to dismiss should be granted.

4

### C.    **Defendants Burt, Konzel, Phadt, Foulk and Taylor**

The "County" Defendants argue for dismissal based upon the doctrine of *res judicata* as Plaintiff had previously brought this complaint in another court. Document # 28.

Under the doctrine of claim preclusion (otherwise known as *res judicata*), a party may not relitigate a claim that was fully and finally decided in an earlier action. R/S Fin. Corp. v. Kovalchick, 552 Pa. 584, 716 A.2d 1228, 1230 (Pa. 1998) ("[A] former adjudication bars a later action on all or part of the claim which was the subject of the first action."). A federal court applying preclusion principles is bound by the Full Faith and Credit statute, 28 U.S.C. § 1738, and must give a prior state court judgment the same effect as would the adjudicating states. Haring v. Prosise, 462 U.S. 306, 313 (1983) citing Allen v. McCurry, 449 U.S. 90, 96 (1980); Davis v. United States Steel Supply, 688 F.2d 166, 170 (3d Cir. 1982). In other words, federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Allegheny Intern., Inc. v. Allegheny Ludlum Steel Corp., 40 F.3d 1416, 1429 (3d Cir.1994). Therefore, Pennsylvania state law regarding claim preclusion must be applied to the case at bar.

Under Pennsylvania law, in order for the doctrine of claim preclusion to prevent relitigation of the claim, there must be:

>  (1) an identity of issues;

>  (2) identity of causes of action;

>  (3) identity of persons and parties to the action; and

>  (4) an identity of the quality or capacity of the parties suing or being sued in the two cases.

Michaels v. Pimlico Realty Company, 2004 WL 2457735, at *3 (E.D. Pa.) citing In re Iulo, 564 Pa. 205, 766 A.2d 335, 337 (Pa. 2001).

This Court has reviewed the complaint filed in the state court[1] and finds that it is an exact duplicate of the complaint filed in this Court.[2] See Document # 35, Exhibit A. Because the two complaints are exact replicas of each other, the four identity prongs are easily satisfied. Therefore, the present case should be dismissed because it is precluded by the prior action.

### D. Futility of Amendment

Plaintiff has filed a motion to amend his complaint. Document # 22. Federal Rule of Civil Procedure 15(a) states that "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended,

---

[1] On September 21, 2004, Judge Henry of the Court of Common Pleas of Erie County sustained the preliminary objections of Defendants and ordered that Barnes' complaint be dismissed in its entirety with prejudice.

[2] Defendants have attached the state court complaint to their supplemental brief. The use of these exhibits by this Court does not convert Defendants' motion to dismiss for failure to state a claim into a motion for summary judgment. Pryor v. National Collegiate Athletic Association, 288 F.3d 548, 560 (3d Cir. 2002) ("...certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of an Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to an Federal Rule of Civil Procedure 56 motion for summary judgment.").

would fail to state a claim upon which relief could be granted. In re NAHC, Inc. Securities Litigation, 306 F.3d 1314, 1332 (3d Cir. 2002).

In the proposed amended complaint, Plaintiff alleges that all Defendants conspired together and that on October 25th of an unspecified year, he was

> force [sic] to a jury trial by which was not of his peers, under title 18 § 911(b)(1) [sic] states that it shall be unlawful for any person who has received any income derived, directly or indirectly from a pattern of racketeering activity such person participated under 18 Pa.C.S.A. § 911(d)(1). This Honorable Court shall have jurisdiction to prevent and restrain violations of subsection (b) including but not limited to ordering any person to divert [sic] himself of any interest direct or indirect in the enterprise; imposing reasonable restrictions on the future acts of a corporation.

Id.

The statute to which Plaintiff refers in the proposed amended complaint is the Pennsylvania Racketeering statute. The statute itself explains the jurisdiction is limited to "the several courts of common pleas, and the Commonwealth Court..." 18 § 911 (b)(1). Therefore, this Court lacks subject matter jurisdiction over this proposed claim.

The amending of the complaint will not overcome judicial immunity, claim preclusion or lack of subject matter jurisdiction. The motion to amend the complaint should be denied as futile.

## III. CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the motion to dismiss filed by Defendant Judge Stephanie Domitrovich [Document # 19] be granted and that the

7

motion to dismiss filed by Defendants Burt, Konzel, Pfadt, Foulk and Taylor [Document # 27] be granted.

It is further recommended that Plaintiff's motion to amend [Document # 22] be denied as futile.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc:   The Honorable Sean J. McLaughlin
      United States District Judge

      all parties of record (lw)

8

AO 72
(Rev 8/82)