IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENNIE E. BARNES,**<br>　　　**Plaintiff** )<br>)<br>)<br>vs. ）<br>)<br>**STATE OF PENNSYLVANIA, et al.,** )<br>　　　**Defendants.** ） | **C.A. No. 05-112 Erie**<br>**District Judge McLaughlin**<br>**Magistrate Judge Baxter** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.　　REPORT**

　　It is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(d).

**II.　　RECOMMENDATION**

　　Plaintiff Bennie E. Barnes, presently incarcerated at the State Correctional Institution at Albion, Pennsylvania, brings this action *pro se* pursuant to 42 U.S.C. § 1983. Named as Defendants are the State of Pennsylvania and the Court of Common Pleas of Erie County, Pennsylvania. Plaintiff alleges that the Defendants violated the Double Jeopardy and Due Process clauses of the fifth amendment to the United States Constitution. In particular, Plaintiff alleges that Defendants "entered into a Civil Conspiracy with the Plaintiff(s) [sic] trial attorney and the State Government prosecutor, resulting in unwarranted prosecution." (See Complaint at Section II.B). As relief, Plaintiff requests monetary damages in the amount of $5,000,000.00. (See Complaint at Section VI).

　　Plaintiff filed a motion to proceed *in forma pauperis* on April 11, 2005, which was granted by this Court by Order dated April 28, 2005.

　　On April 23, 1996, the Prison Litigation Reform Act (hereinafter, "Act"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(e) as amended, states in relevant part:

1

"The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted..." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). This Court has discretion to dismiss frivolous or malicious in forma pauperis complaints under 28 U.S.C. § 1915(d). Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989) the U.S. Supreme Court has instructed that section 1915(d) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). In fact, the statue not only empowers the Court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), *quoting* Conley, 355 U.S. at 45-46. If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991); Boag v. MacDougall, 454 U.S. 364 (1982); Haines. Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). *See, e.g.*, Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir.

2

1990).

Succinctly stated, Plaintiff claims that he has been falsely imprisoned as a result of an improper conviction and, thus, he is entitled to receive monetary damages. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." 512 U.S. at 487 (emphasis in the original).

Plaintiff's complaint clearly implicates the validity of his conviction; yet, Plaintiff has made no showing that the conviction has been declared invalid. Therefore, Plaintiff's claims for monetary damages against the Defendants should be dismissed.

Moreover, under the Rooker-Feldman Doctrine,[1] federal courts are prohibited "from exercising 'subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding.'" Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 491 (3d Cir. 1997), cert. denied, 522 U.S. 850, 118 S.Ct. 139 (1997)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996))(internal citations omitted). For the Rooker-Feldman Doctrine to be applicable here this Court must either "determine that the state court judgment was erroneously entered" or "take action that would render that judgment ineffectual" in order to grant Plaintiff the relief he requests. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923).

---

[1] This doctrine arises out of the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

Plaintiff claims that his constitutional rights were violated during trial before the Erie County Court of Common Pleas. Plaintiff is essentially asking this Court to conduct a *de novo* review of all state court proceedings related to his conviction and sentence in an effort to have the state court judgment vacated. In order to grant such relief, a determination that the state court judgment was erroneous must occur, and in particular, such relief would render the state court decision "ineffectual." This he cannot do under the guise of a civil rights claim.

Furthermore, the Court notes that suits for damages by individuals against state governments or state agencies are barred by the Eleventh Amendment. Chittister v. Dep't of Community and Economic Development, 226 F.3d 223 (3d Cir. 2000). See also Bey v. Pennsylvania Department of Corrections, 98 F.Supp.2d 650, 657 (E.D. Pa. 2000) wherein the court summarized well-established law, observing that:

> [t]he Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, under the Eleventh Amendment, absent express consent by the state in question or a clear and unequivocal waiver by Congress, states are immune from suit in federal court. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996).

Id.; see also Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161 (3d Cir. 2002).

No exceptions to the Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued. Wilson v. Vaughn, No. 93-C.V.-6020, 1996 WL 426538, *1 n.2 (E.D.Pa. July 30, 1996)(citing, 42 Pa. Con. Stat. Ann. §8521(b)). Congress has not expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. Smith v. Luciani, No. 97-3613, 1998 WL 151803, *4 (E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table). Thus, Plaintiff is precluded from seeking monetary damages against Defendant State of Pennsylvania.

Finally, to the extent Plaintiff's Complaint may be construed as a petition for writ of *habeas corpus,* it must be dismissed because Plaintiff has failed to exhaust his state court remedies, and his claims are barred by the one-year statute of limitations set forth in 28 U.S.C.

4

§ 2244(d)(1).

### III.   CONCLUSION

For the foregoing reasons, this complaint should be dismissed as frivolous in accordance with 28 U.S.C. § 1915(d).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten days from the date of service to file objections to this Report and Recommendation.


                                            S/Susan Paradise Baxter
                                            SUSAN PARADISE BAXTER
                                            Chief U.S. Magistrate Judge


Dated: November 29, 2005

cc:   The Honorable Sean J. McLaughlin
      United States District Judge